David F. Mull (#9597)
SALT LAKE CITY CORPORATION
P.O. Box 145478
451 South State Street, Suite 505A
Salt Lake City, UT 84114-5478
Telephone:  (801) 535-7788
Facsimile:  (801) 535-7640
David.Mull@slcgov.com

*Attorney for Defendants Officer Matthew Farillas; Chief Mike Brown; and Salt Lake City Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| GOLDA BARTON, individually and as mother and guardian of L.C., a minor child; MICHAEL CAMERON, individually and as father of L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> OFFICER MATTHEW FARILLAS, in an individual and official capacity; CHIEF MIKE BROWN, in an official capacity as police chief of the Salt Lake City Police Department; SALT LAKE CITY CORPORATION; and DOE DEFENDANTS 1 THROUGH 10, <br><br> Defendants. | **MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS AGAINST CHIEF MIKE BROWN** <br><br><br> Case No. 2:20-cv-832 <br><br> Judge Robert J. Shelby <br> Magistrate Judge Jared C. Bennett |

**RELIEF SOUGHT AND GROUNDS FOR MOTION**

Claims have been brought against Officers Fortuna and Iversen and Chief Mike Brown in their official capacities. These official capacity claims are duplicative of the claims against Salt Lake City Corporation and should be dismissed with prejudice.

## RELEVANT FACTS

1.       Plaintiffs' have filed a First Amended Complaint alleges causes of action against SLCPD Chief Mike Brown in his "official capacity." (*See generally* First Am. Compl.)

2.       The Complaint also alleges claims against Salt Lake City Corporation. (*See generally* Compl.)

## ARGUMENT

The official capacity claims brought against Chief Mike Brown should be dismissed with prejudice because they are duplicative and do not state a claim on which relief may be granted.[1] It is well established that "[a] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same."[2] In other words, an official capacity claim is simply "another way of pleading an action against an entity of which an officer is an agent.'"[3] It is "in in all respects other than name, to be treated as a suit against the entity."[4]

In this case, Plaintiffs assert official capacity claims against Chief Mike Brown in addition to claims against Salt Lake City Corporation. This Court routinely dismisses official

---

[1] Fed. R. Civ. P. 12(b)(6) (permitting dismissal of claims where they fail to state a claim on which relief may be granted). *See also Rocky Mountain Helicopters v. Bell Helicopter Textron*, 24 F.3d 125, 128 (10th Cir. 1994) ("A rule 12(b)(6) dismissal is appropriate if, taking all well pleaded facts as true and construing them in the light most favorable to the plaintiff, it is clear that the plaintiff can prove no set of facts which would entitle him to relief.")

[2] *Allison v. Utah County Corp.*, 335 F. Supp. 2d 1310, 1317-18 (D. Utah 2004) (citing *Watson v. City of Kansas*, 857 F.2d 690, 695 (10th Cir. 1988)).

[3] *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell*, 436 U.S. at 690, n.55).

[4] *Kentucky* at 166.

2

capacity claims in such circumstances because they are duplicative[5] of the claims against the City and it should do so in this case.

## CONCLUSION

The official capacity claims against Chief Mike Brown are duplicative of the claims against Salt Lake City and should be dismissed with prejudice.

DATED this 11th day of March, 2022.

      /s/ David F. Mull
DAVID F. MULL
*Attorney for Defendants Officer Matthew Farillas; Chief Mike Brown; and Salt Lake City Corporation*

---

[5] *See* e.g., *Fail v. W. Valley City*, No. 2:04-CV-1094 PGC, 2006 WL 842910, at *5 (D. Utah Mar. 28, 2006) (unreported) (quoting *Gallardo v. Bd. Cty. Com'rs,* 1995 WL 106366, *2 (D. Kan.1995) ("'When the municipality is sued along with the municipal officer in his official capacity, the suit against the officer is redundant, improper, and unnecessary and should be dismissed.'"); *Catlin v. Salt Lake City Sch. Dist.,* No. 2:08-CV-00362-CW-PMW, 2014 WL 4662466, at *9 (D. Utah Sept. 18, 2014) (unreported) (dismissing the official capacity claim with prejudice when government entity was also named as real party in interest); *Swasey v. W. Valley City*, No. 2:13-CV-00768-DN, 2015 WL 500870, at *1 (D. Utah Feb. 5, 2015) ("when a plaintiff names a municipality and a municipal employee in his official capacity, the claim against the employee in the official capacity should be dismissed"); *Hollenbach v. Burbank*, No. 2:12-CV-608 TS, 2013 WL 1842453, at *8 (D. Utah May 1, 2013) (dismissing official capacity claims).

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2022, a true and correct copy of the **MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS AGAINST CHIEF MIKE BROWN** was electronically filed with the Clerk of the Court, which sent notice to:

Nathan S. Morris
EISENBERG CUTT KENDELL & OLSON
215 South State Street, Suite 900
Salt Lake City, Utah 84111
nmorris@eckolaw.com
*Attorney for Plaintiff Golda Barton and L.C.*

Zachary J. Weyher
TRUE WEST LEGAL
1953 South 1100 East, #521524
Salt Lake City, Utah 84152
weyherlaw@gmail.com
*Attorney for Plaintiff Golda Barton and L.C.*

Jeffrey D. Gooch
JONES WALDO HOLBROOK & MCDONOUGH, P.C.
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
jgooch@joneswaldo.com
*Attorney for Plaintiff Michael Cameron and L.C.*

                                                 /s/  Heidi Medrano